UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-128 |
| | ) | (Jordan / Guyton) |
| MARLO ANDERSON | ) | |
| | ) | |

**<u>MEMORANDUM AND ORDER</u>**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court for an evidentiary hearing on January 30, 2008. Defendant Marlo Anderson was present with his counsel, Kim Tollison. The government was represented by Assistant United States Attorney David Lewen.

At the start of the hearing Attorney Tollison made an oral motion to withdraw a previously filed Motion to Suppress [Doc. 15], stating the defense had elected to pursue only those suppression issues raised in a separate Motion to Suppress [Doc. 14]. The Court granted the oral motion to withdraw and proceeded with the hearing on the merits of the other pretrial motions.

At the conclusion of the hearing, the Court took up Mr. Anderson's Motion to Continue Trial [Doc. 17]. The parties agreed that the need for disposition of the suppression motion necessitates a continuance of the trial date. Attorney Tollison stated that obtaining a ruling on the suppression issue is in Mr. Anderson's best interest and confirmed that he has discussed this matter with the defendant. The defendant confirmed his agreement that it would be in his best interest to continue the trial date, understood his right to a speedy trial and understood that he will remain in jail pending

the trial of this case.

This Court will require time to adequately review the suppression issues and issue a Report and Recommendation. After the Report and Recommendation is made, either party will have 10 days to register an objection with the District Court. Should such an objection be made, the District Court will require a meaningful period of time to review the record and the issues presented. The Court observes that at the time the motion to suppress was filed, all this could not have been accomplished before the trial date of January 30, 2008.

Attorney Tollison and AUSA Lewen stated their belief that all the time between the date the motion to suppress was filed, December 24, 2007, and the new date of the trial is excludable from the operation of the Speedy Trial Act. The parties agreed that the need to resolve these important issues of evidence suppression outweigh the interest of the defendant and the public in a speedy trial.

The Court agrees with the parties that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Given the January 30, 2008, trial date, the Court finds that the failure to grant a continuance would deprive the defendant of the time to pursue his suppression motion, which has now been heard and is awaiting disposition. See 18 U.S.C. § 3161(h)(1)(F). Specifically, the Court will need time, not to exceed thirty days, to prepare a Report and Recommendation to the District Court on the motion. See 18 U.S.C. § 3161(h)(1)(J). Following the filing of the Report and Recommendation, the parties need time to file any objections to the Court's ruling. Should objections be made, the District Court will need time to rule upon the report and those objections. Finally, the parties will need time to prepare for trial in light of the ruling on the suppression issues. The Court finds that all of this could not have taken place before the January 30, 2008, trial date or in less than 75 days. Thus,

without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly:

(1) Defendant's Motion to Suppress **[Doc. 15]** is **DENIED** as moot, having been withdrawn;

(2) Defendant's Motion to Continue **[Doc. 17]** is **GRANTED**;

(3) The trial of this matter is reset to commence on **April 21, 2008, at 9:00 a.m.** before the Honorable R. Leon Jordan, United States District Judge;

(4) This Court will conduct a Pretrial Conference on **April 16, 2008, at 9:30 a.m.**; and

(5) The Court also finds, and the parties agree, that all the time between the December 24, 2007, filing of the motions to suppress and the new trial date of April 21, 2008, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:

_____s/ H. Bruce Guyton_____
United States Magistrate Judge