IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:07-CR-128 |
| | ) |
| MARLO DEAN ANDERSON | ) |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's objections to the magistrate judge's Report and Recommendation [doc.25]. The government has responded [doc.26], and a transcript of the suppression hearing has been prepared [doc. 24]. For the reasons set out below, the defendant's objections will be overruled.

The defendant filed a motion to suppress evidence (crack cocaine and a firearm) seized following a traffic stop. The defendant argues that the reason for the traffic stop, the lack of a visible license plate, was a pretext because he had a visible, valid license in the back window of his vehicle. The magistrate judge found, "that while Anderson's license plate was rear-facing, it was not *on the rear* of the car, as required by Tenn. Code Ann. § 55-4-110(a)," so the officer had probable cause to stop the defendant's vehicle. Doc. 23 at 10 (emphasis in original). The defendant objects to this conclusion, arguing that

there is no law in Tennessee holding that displaying a license plate in the back window is not in compliance with the statute.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001).

The facts of this case, as relevant to the issue before this court, are undisputed. At about 11:00 p.m. in Oak Ridge, Tennessee, Lieutenant Michael Uher was following a car with no license plate attached to the rear of the car in the space especially designed to display a license plate. Lt. Uher testified that the "license plate" light was on, but he could not see any license plate. He activated his lights and stopped the car.

There were other officers in the area because of a "saturation patrol" program in place that evening.[1] A second police car pulled in front of the defendant's car, and Sergeant Brad Jenkins walked to the rear of the defendant's

---

[1] Lt. Uher testified that there had been some problems with vehicles fleeing after they were stopped. Oak Ridge has a policy of not chasing a fleeing vehicle except under specific circumstances, and a traffic stop is not usually one of them. That evening as part of the saturation patrol, at least two police cars were involved in traffic stops, one behind and the other pulling in front of the stopped vehicle to prevent it from fleeing.

2

car and noticed a license plate propped up in the back window of the car. A check of the license plate number verified that it was valid and the car was registered to the defendant. Lt. Uher testified that he did not see the license plate when he effected the stop, nor did he see it when he walked up to the passenger side of the vehicle. He said that he kept his focus on the driver as he approached the car.

A camera in Lt. Uher's police car taped the stop, and a DVD of the stop was made an exhibit to the suppression hearing. This court viewed the tape numerous times, and finds that Lt. Uher was correct in his assertion that there was no visible license plate attached to the rear of the car in the place designed to hold it. Although a white object can be seen in the back window, it is not clear that it is a license plate, nor are the numbers on the license plate visible.

After the defendant's car was stopped, a drug dog was used to detect drugs in the car. The dog alerted on the car, and the defendant was asked to step out of the car. During a pat-down of the defendant, a "pretty good quantity of crack cocaine" was found in the defendant's pocket. The firearm was found on the floorboard of the car.

The issue before the magistrate judge and this court is whether Lt. Uher had sufficient probable cause to stop the defendant's car. After reviewing the pleadings, the case law, and the transcript and exhibits from the suppression hearing, the court finds that Lt. Uher had sufficient probable cause to stop the

3

defendant's car, albeit for a reason other than the one relied upon by the magistrate judge.

The Tennessee statute that is at the center of the controversy in this case states in relevant part as follows:

> (a) The registration plate issued for passenger motor vehicles shall be attached on the rear of the vehicle. . . .
> (b) Every registration plate shall at all times be securely fastened in a horizontal position to the vehicle for which it is issued so to prevent the plate from swinging and at a height of not less than twelve inches (12") from the ground, measuring from the bottom of such plate, in a place and position to be clearly visible and shall be maintained free from foreign materials and in a condition to be clearly legible. No tinted materials may be placed over a license plate even if the information upon such license plate is not concealed.

Tenn. Code Ann. § 55-4-110.

In *United States v. Ferguson*, the Sixth Circuit Court of Appeals, en banc, established a new rule for determining whether a traffic stop is valid. The court stated: "We hold that so long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993).[2] It does not matter whether the officer

---

[2] The court is aware of the very recent Sixth Circuit opinion, *United States v. Simpson*, No. 07-5486, ___ F.3d ___ (6th Cir. Apr. 3, 2008). In *Simpson*, a panel of the Sixth Circuit held that the requisite justification for an investigatory stop for an ongoing criminal offense is reasonable suspicion. In *Simpson*, the defendant's vehicle was stopped because the officer could not tell whether the Ohio temporary tag had expired, in part due to the dilapidated condition of the tag. The court found that failing to keep a license plate "clearly legible" is an ongoing crime, and the reasonable suspicion standard applies. The court characterized the probable cause language in *Ferguson* as "dicta." Since reasonable suspicion is a less

4

has other motives to stop the vehicle in addition to the traffic violation, nor does it matter that the stop was an ordinary or routine practice of the police department. *Id.* What matters is that the officer stopping the vehicle had probable cause to believe that a traffic offense had occurred. *Id.*

The defendant argues that he was in compliance with the statute because his valid license plate was displayed in the back window; that is, the "rear," of his car. He argues that paper temporary tags are often taped to the back window of new cars, so it cannot be illegal to display a license plate in the back window. He submits that no court has ever held that using the back window to display the car's registration is a violation of the statute. The government argued below, however, that the license plate was not "clearly visible," and Lt. Uher was justified in stopping the vehicle for this reason.

The court agrees with the government – the defendant's license plate was not "clearly visible" to Lt. Uher. Lt. Uher testified that he "looked at the back of the vehicle and did not see a license plate, period. That's why I stopped it." The license plate was merely propped up in the back window and Lt. Uher did not see it.

That the license plate must be "clearly visible" is supported by the few cases that have construed the Tennessee statute. In *State v. Matthews*, the

---

onerous standard than probable cause, and this court finds that Lt. Uher had probable cause to stop the defendant's car, the court need not determine whether the holding in *Ferguson* concerning probable cause was dicta.

defendant's car was stopped after sundown because the police officer could not see the rear license plate on the appellant's vehicle because the license plate light was not illuminated. *State v. Matthews*, No. M200100754CCAR3CD, 2002 WL 31014842, at *1 (Tenn. Crim. App. Sept. 10, 2002). As the officer got closer to the car, he was able to see the plate and called in the license number before stopping the car. The court found that it did not matter that the defendant, by statute, did not have to have his lights on, which would have illuminated the license plate light. The court found that the intent of the legislature was that "vehicle license plates be clearly visible at all times," and without the illumination, the officer could not even see whether the car had a license plate at all. *Id.* at *3.

The Sixth Circuit later relied on *Matthews* when considering the legitimacy of a traffic stop. *United States v. Dycus*, 151 F. App'x 457, 2005 WL 2757618 (6th Cir. Oct. 25, 2005). In *Dycus*, the officers first noticed the defendant's vehicle because "there was no illumination in the place where the plate is to be displayed," and the officer could not determine whether the vehicle had a license plate. *Id.* at 458. The officers activated their blue lights to stop the vehicle, and when they were about twenty yards away, the officers could read the license plate. *Id.* at 459. The Sixth Circuit found that the "fact that the license plate was not clearly displayed as required under § 55-4-110(b) provided probable cause for the police officer to stop the vehicle." *Id.* at 461. It was

6

irrelevant that the officer could see the license plate when he got closer to the vehicle. *Id.*

There are three other cases dealing with similar issues which are worth noting. First, in *United States v. Southerland*, 486 F.3d 1355, 1359 (D.C. Cir. 2007), the defendant's car was stopped because the officers believed that the display of the front license plate on the dashboard of the car was improper. Maryland law required that a license plate be displayed "on the front" of the vehicle, but not necessarily on the bumper. The court found that it was "objectively reasonable for the officers to suspect that Southerland's dashboard plate was in violation of Maryland law, even assuming they were mistaken that the law required display of the front plate on the bumper." *See also United States v. Booker*, 496 F.3d 717, 721 (D.C. Cir. 2007) (finding that a stop is permissible if the officer's belief that the VIN was missing from plate was objectively reasonable). Second, in *United States v. Anderson*, 923 F.2d 450, 455 (6th Cir. 1991), the Sixth Circuit found that the stop of the defendant's car was reasonable because, among other factors, the "defendants' license plate was not easily visible while the car was moving because it was placed in the rear windshield rather than in the normal location on the rear of the car." Finally, in *State v. Terry*, No. 02C01-9708-CR-00313, 1998 WL 775651 at *1 (Tenn. Crim. App. Nov. 6, 1998), the defendant's car was stopped because of invalid registration. The court stated: "The plate was illegally displayed on the rear windshield."

7

Thus, the case law leads this court to the conclusion that even if Lt. Uher was mistaken about the lack of a license plate on the defendant's car, the defendant had a responsibility to make sure that his license plate was clearly visible at all times. By placing it in the rear window rather than in the lighted space on the rear of his car, the defendant was taking a chance that it could not be seen or read by an officer, especially at night. Whether it was legal to display the license plate in the back window or not really does not matter given that Lt. Uher testified that he did not see a license plate on the defendant's car in the lighted space provided, or anywhere else. The court finds that the defendant's license plate was not "clearly visible" as required by § 55-4-110(b).

Thus, Lt. Uher had sufficient probable cause to believe that a traffic violation was occurring when he encountered the defendant's car and could not see a license plate, and the stop of the defendant's vehicle was not a violation of the defendant's Fourth Amendment rights. The court **ADOPTS** the magistrate judge's conclusion that the defendant's motion to suppress evidence should be denied. It is hereby **ORDERED** that the defendant's objections to the Report and Recommendation are **OVERRULED**, and the defendant's motion to suppress evidence [doc. 14] is **DENIED**.

ENTER:

*s/ Leon Jordan*
United States District Judge

8